Fischer, Wolf & Villamena, of New York City (George Wolf, of Brooklyn, of counsel), for appellants.

Charles Webber, of Brooklyn, for respondent.

PER CURIAM. This action was brought to recover the sum of $112.72 alleged to be due the plaintiffs upon a sale of, a quantity of gloves to the defendant. The defendant claimed that certain of the gloves were defective and unfit for use, and that they were sold under a guaranty of quality. She filed with the court a written offer to return to the plaintiffs a quantity of the gloves, which she set forth was of the value of, $93.52, and to allow the plaintiffs to take a judgment for the balance due the plaintiffs. This offer was refused, and the case went to trial. The trial justice allowed the defendant the amount of her claim, and gave judgment for the sum of $19.20 damages in favor of the plaintiffs, from which judgment they appeal.

The judgment must be reversed, as there is an utter failure of proof on the part of the defendant as to the value of the gloves which are claimed by her to be defective. The testimony relied upon by respondent fails to support this contention. A few gloves were produced and submitted for the examination of the trial court, but no specified number of packages were shown, and no proof of value given. The offer of, judgment is not evidence of value, and there is an entire absence of proof upon this question. There was no basis shown for the allowance made to the defendant in the judgment.

Judgment reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.

———

(91 Misc. Rep. 13)

### NEMZER v. NEWKIRK AVE. AUTOMOBILE CO.

(Supreme Court, Appellate Term, First Department. June 28, 1915.)

MUNICIPAL CORPORATIONS ⊚⟹706—STREETS—INJURY BY AUTOMOBILE—SUFFICIENCY OF EVIDENCE.

In an action against a garage company for injuries to plaintiff's motorcycle in collision with an automobile, evidence *held* insufficient to sustain defendant's liability on the point that its car was the one in collision.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. ⊚⟹706.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by George Nemzer against the Newkirk Avenue Automobile Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Tausch & Hamilton, of, New York City (J. Franklin Tausch, of New York City, of counsel), for appellant.

Neufeld & Leiman, of New York City (Manuel Neufeld, of New York City, of counsel), for respondent.

———

⊚⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

GUY, J. Plaintiff was the owner of a motorcycle and loaned it to a friend, and while in the latter's possession it was struck by an automobile driven by one Backus, who was alone in the car. The car had license plates thereon numbered E. 3235. The collision occurred on the night of November 7, 1914. Defendant admits ownership of those license plates, but denies liability, upon the ground that at the time of the accident the automobile to which such number plates belonged was in defendant's garage in such a dismantled condition, undergoing repairs, that it was impossible to be used. It was shown that it had been in such condition from August 1, 1914, to the middle of December, 1914. The undisputed testimony shows that the automobile to which those number plates belonged was a Thomas car owned by the defendant, but, as before stated, laid up for repairs, and not in a condition for use at the time of the accident, and also that the car which struck plaintiff's motorcycle did not correspond with the description of the Thomas car, but did correspond with the description of a Mitchell car owned by Backus. Backus was not produced by either party at the trial. It was shown that, while at one time he was vice president of the defendant, he had been discharged in October, 1913, and had been in no way connected in an official capacity with the defendant for nearly two years.

The proof of the plaintiff tending to establish liability on the part of the defendant was that at the time of the collision the car had those number plates thereon belonging to defendant; that Backus, who drove the car, said he was the vice president of the defendant; and that at times subsequent to his discharge by defendant he had been allowed access to defendant's garage in order to do some repair work. It is quite evident, though not proven, that Backus took defendant's license numbers, attached them to his own car, and was driving his own car when the accident happened. When Backus and his car were found in the ditch a few rods from the place of the accident, he was apparently in an intoxicated condition, and was evidently willing to make any statement to excuse himself.

Of course, it appearing that the defendant's number plates were attached to the car causing the accident created a presumption of ownership in the defendant; but that presumption could be rebutted by proof, as was done in this case. We think the evidence is insufficient to hold the defendant liable, without considering the question as to whether or not the plaintiff was guilty of any negligence contributing to the accident.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.